Case 1:22-cv-00437-MJT   Document 2   Filed 10/12/22   Page 1 of 7 PageID #: 8

FILED 9/12/2022 1:46 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 68158234
Reviewed By: Annette Vaughan

CAUSE NO. 220378-C _____

| | | |
|---|---|---|
| LAWRENCE HARRISON, III and KAWANEISHA HAWKINS | § § § | IN THE DISTRICT COURT OF |
| v. | § § | ORANGE COUNTY, TEXAS |
| TYLER COMEAUX TRUCKING, LLC and JOHN WAYNE NELSON, II | § § § | 260th \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** LAWRENCE HARRISON, III and KAWANEISHA HAWKINS ("Plaintiffs") to file this Original Petition complaining of TYLER COMEAUX TRUCKING, LLC ("Defendant COMEAUX TRUCKING") and JOHN WAYNE NELSON, II ("Defendant NELSON") (collectively, "Defendants"). For cause of action, Plaintiffs would respectfully show the Court as follows:

**I.**

Plaintiffs intend to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff, LAWRENCE HARRISON, III, is a resident of Harris County, Texas. The last three digits of Plaintiff's Texas driver's license number are 133 and the last three digits of Plaintiff's social security number are 776.

Plaintiff, KAWANEISHA HAWKINS, is a resident of Harris County, Texas. The last three digits of Plaintiff's Texas driver's license number are 759 and the last three digits of Plaintiff's social security are 122.

Plaintiffs' Original Petition
- 1 -

Defendant, TYLER COMEAUX TRUCKING, LLC, is a Louisiana limited liability company doing business in the State of Texas but does not maintain a registered agent in this state. Accordingly, pursuant to §5.255 of the Texas Business Organizations Code, service of process on this Defendant may be effectuated by serving: Tyler Lance Comeaux, Member/Manager, 1392 Bayou Plaquemine Road, Rayne, Louisiana 70578 or wherever else he may be found.

Defendant, JOHN WAYNE NELSON, II, is a "non-resident" individual as that term is defined and understood under §17.041 and §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Accordingly, for purpose of securing service of process on Defendant, JOHN WAYNE NELSON, II, the Plaintiffs plead and will prove the following:

 a. Defendant, JOHN WAYNE NELSON, II, was the operator of a vehicle involved in an automobile collision on July 25, 2022 in this state; and
 b. At the time of the institution of this litigation, Defendant, JOHN WAYNE NELSON, II, was a "non-resident" as that term is defined and understood under §17.041 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Accordingly, pursuant to §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, the Chair of the Texas Transportation Commission is the agent for service of process on Defendant, JOHN WAYNE NELSON, II, and service on Defendant, JOHN WAYNE NELSON, II, may be obtained by serving the Chair of the Texas Transportation Commission at 125 E. 11th Street Austin, Texas 78701-2483.

Notice to Defendant, JOHN WAYNE NELSON, II, of service of process on the Chair of the Texas Transportation Commission may be made, pursuant to §17.063 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, by mailing a copy of the process and notice that the process has been served on the Chair by registered mail or certified mail, return receipt requested to Defendant JOHN WAYNE NELSON, II, at 814 Bryan Street, Jennings, Louisiana 70546-6608.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiffs seek monetary relief of over $1,000,000.

This Court has jurisdiction and venue is proper in Orange County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

### IV.

On or about July 25, 2022, Plaintiffs were at a complete stop on Interstate Highway 10 in Orange County, Texas. Suddenly and without warning, Defendant NELSON, who was operating a commercial vehicle in the course and scope of his employment with and/or in the furtherance of business of Defendant, COMEAUX TRUCKING, struck the rear-end of the vehicle occupied by Plaintiffs. Defendant NELSON was issued a citation for the failure to control speed in causing the collision. As a result of the wreck caused by Defendants' negligence and gross negligence, Plaintiffs sustained serious personal injuries.

### V.

The agents, officers, employees and representatives of Defendant COMEAUX TRUCKING committed acts and/or omissions which constituted negligence, negligence per se and gross negligence. Such acts and/or omissions, among others, were as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant NELSON, so as to provide for the safe operation of the vehicle involved in the occurrence in question;

(b) In hiring, employing, and/or retaining drivers, specifically including Defendant NELSON, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of the vehicle involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant NELSON, so as to provide for safe operation of the vehicle involved in the occurrence in question; and

(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate the vehicle involved in the occurrence in question; and

(e) In negligently entrusting the vehicle to Defendant NELSON who Defendant knew or should have known to be an unlicensed, reckless and/or incompetent driver and whose negligence in the operation of the vehicle owned by Defendant COMEAUX TRUCKING caused the incident as well as Plaintiff's injuries.

At all times material hereto, all of the agents, servants, and employees of Defendant COMEAUX TRUCKING, including but not limited to Defendant NELSON, who were connected with the occurrence made the subject of this cause of action, were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant COMEAUX TRUCKING Thus, Defendant COMEAUX TRUCKING is vicariously liable for the acts and/or omissions of Defendant NELSON under the doctrine of respondeat superior.

## VI.

Defendant NELSON, for whose acts and omissions Defendant COMEAUX TRUCKING is in all things responsible, violated his duty to exercise ordinary care in the operation of the vehicle and was negligent in one or more of the following particulars:

a. in failing to keep a proper lookout;
b. in failing to apply or timely apply the brakes;
c. in failing to maintain an assured clear distance between the vehicle that NELSON was operating and the vehicle occupied by Plaintiffs;
d. in failing to pay attention;
e. in striking the vehicle occupied by Plaintiffs;

  f. in failing to maintain control of the vehicle; and
  g. in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiffs.

## VII.

Additionally, and/or in the alternative, at the time of the incident in question and immediately prior thereto, Defendants had actual subjective awareness that their conduct giving rise to the subject collision involved a serious risk of danger to others, including the Plaintiffs. When viewed objectively from the standpoint of Defendants at the time of the incident in question, said actions or omissions constituted an extreme degree of risk, considering the probability and magnitude of potential harm to others. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Plaintiffs will further show that the negligent acts and/or omissions of Defendants involved an extreme degree of risk, considering the probability and magnitude of harm to others, and the Defendants had actual awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Plaintiffs assert that the negligent conduct of Defendants constituted malice. Pursuant to Texas Civil Practice and Remedies Code §41.003, Defendants' actions as described herein constitute negligence with malice, and make Defendants liable for *exemplary damages.*

## VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence and gross negligence by the Defendants, Plaintiffs sustained the following damages for which they

are legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Exemplary damages; and
6. Pre-judgment interest and costs of Court.

If it be found that Plaintiffs was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiffs would show unto the Court and jury that the same were neither disabling nor painful, but that as a result of the injuries suffered by Plaintiffs on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiffs in response to written discovery will be used against Defendants at any pretrial proceeding or at trial.

## X.

Plaintiffs hereby demand a trial by Jury and pay the jury fee contemporaneously with the filing of this petition.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon trial hereof Plaintiffs have judgment of the Court against such Defendants in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ *Jonathan C. Kieschnick*

Jonathan C. Kieschnick
Texas Bar No. 00796883
17225 El Camino Real, Suite 110
Houston, Texas 77058
(281) 538-9200 Telephone
(281) 538-9229 Facsimile
jck@jck-law.com

**ATTORNEY FOR PLAINTIFFS
LAWRENCE HARRISON, III and
KAWANEISHA HAWKINS**